IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRUSTEES OF THE NATIONAL          :          CIVIL ACTION
ELEVATOR INDUSTRY PENSION         :
FUND, et al.                      :
                                  :
            v.                    :
                                  :
CEMD ELEVATOR CORP., et al.       :          NO. 22-2304

MEMORANDUM

Bartle, J.                                          March 1, 2023

        Plaintiffs commenced this action to recover, among
other things, unpaid pension benefits pursuant to the Employee
Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et
seq.  Defendants CEMD Elevator Corp. and Stephan Diemer have
moved to dismiss the complaint for failure to state a claim
pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure.  Defendants contend that plaintiffs' claims are
barred by statutes of limitations.

                                I

        When considering a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the court must accept as true
all well-pleaded factual allegations in the complaint and draw
all reasonable inferences in the light most favorable to the
plaintiffs.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224,
233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d
59, 64 (3d Cir. 2008).  Rule 8 requires that a pleading contain

"a short and plain statement of the claim showing that the
pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A
complaint need not include "detailed factual allegations," but
it must state "more than labels and conclusions" and must
provide factual allegations "enough to raise a right to belief
above the speculative level." Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 555 (2007).

In reviewing a motion under Rule 12(b)(6), the court
may consider "allegations contained in the complaint, exhibits
attached to the complaint and matters of public record."
Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998
F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright &
Arthur R. Miller, Federal Practice & Procedure § 1357 (2d ed.
1990)); see also Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256,
260 (3d Cir. 2006).  Relevant here, the court may take judicial
notice of filings in prior federal court actions. FCS Cap. LLC
v. Thomas, 579 F. Supp. 3d 635, 647 (E.D. Pa. 2022) (citing Mar.
Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1200 (3d Cir.
1991), reh'g granted and opinion vacated (Jan. 10, 1992),
opinion reinstated on reh'g (Mar. 24, 1992)).

II

Three of the plaintiffs are the trustees of
multiemployer employee benefit plans as defined under ERISA, 29
U.S.C. §§ 1002(3), (37):  National Elevator Industry Pension

Fund, National Elevator Industry Health Benefit Plan, and National Elevator Industry Educational Plan.  The fourth plaintiff is the Trustees of Elevator Industry Work Preservation Fund, a labor-management cooperation committee as provided for under the Labor-Management Cooperation Act of 1978 and the Taft-Hartley Act.  29 U.S.C. §§ 175a, 186(c)(9).  Defendant CEMD Elevator Corp. ("CEMD") is a New York elevator contractor. Defendant Stephan Diemer is an officer of CEMD and its owner.[1]

Pursuant to a collective bargaining agreement, CEMD was obligated to pay contributions to plaintiffs' benefit plans in amounts based on the number of hours of work that CEMD's employees performed.  CEMD must self-report to plaintiffs on a monthly basis the number of hours worked by each of its employees.  In addition, plaintiffs may demand an audit of CEMD's payroll to ensure that it is meeting its contribution obligations.

Plaintiffs have filed two prior actions in this court against the defendants over CEMD's contribution practices.  On July 8, 2016, plaintiffs filed an action to recover unpaid and underpaid contributions for the period of January 1, 2010, through February 29, 2012, as well as for the month of May 2016. See Trs. of the Nat'l Elevator Indus. Pension, Health Benefit,

---

1.   There is a third defendant, Mitchell Hellman, who has not been served in this matter.

Educ., Elevator Indus. Work Pres. Funds, Elevator Constructors Annuity & 401(k) Retirement Plan v. CEMD Elevator Corp., et al., Civ. A. No. 16-3738 (CEMD I).  They also sued Diemer for breaching his fiduciary duty with respect to the unpaid contributions by commingling them with other CEMD assets.

Plaintiffs filed a second action against CEMD and Diemer on January 12, 2018.  See Trs. of the Nat'l Elevator Indus. Pension, Health Benefit, Educ., Elevator Indus. Work Pres. Funds, Elevator Constructors Annuity & 401(k) Retirement Plan v. CEMD Elevator Corp., et al., Civ. A. No. 18-170 (CEMD II).  In that action, plaintiffs sought to recover underpaid contributions for the months of June and July 2016. They sought to compel CEMD to comply with an audit of its payroll for the period of March 1, 2012, through August 31, 2016.  They also brought a similar breach-of-fiduciary-duty claim against Diemer.

CEMD I and CEMD II were both dismissed by joint stipulations of voluntary dismissal on May 22, 2019.  CEMD I was dismissed with prejudice while CEMD II was dismissed without prejudice.  In addition, the stipulation entered in CEMD II stated, "The Defendants have agreed to submit to the payroll audit, subject to the Defendants' right to object to the Plaintiffs' designated auditor's findings and/or determination

of any underpayment, and to pay any undisputed amounts found
due." See CEMD II, Doc. # 26, at 1.

A certified public accounting firm completed this
audit in February 2021.  According to the audit, plaintiffs are
owed contributions for unreported work that CEMD's employees
performed in and between March 2012 and August 2016.

Plaintiffs initiated this action on June 10, 2022.
They seek to recoup unpaid contributions as discovered by the
February 2021 audit for work performed by CEMD's employees in
months between March 2012 and August 2016 that they claim CEMD
owes pursuant to ERISA, 29 U.S.C. § 1132.  They also allege that
Diemer is independently liable for breaching a fiduciary duty
pursuant to ERISA, 29 U.S.C. § 1109, by commingling the unpaid
contributions that they assert they are owed with other CEMD
funds.

III

Defendants first move to dismiss plaintiffs' ERISA
claims under § 1132 for underpaid contributions on the ground
that they are time-barred.  A statute of limitations defense is
an affirmative defense that a defendant must typically plead in
its answer.  See Fed. R. Civ. P. 8(c).  The court, however, may
dismiss a time-barred claim under Rule 12(b)(6) if "the time
alleged in the statement of a claim shows that the cause of
action has not been brought within the statute of limitations."

Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting
Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002)).  In
reviewing defendants' argument, the court is cognizant that it
is not plaintiffs' obligation "to plead around an affirmative
defense."  Id. at 252.

ERISA does not set any limitations period for civil
enforcement actions brought under § 1132.  Our Court of Appeals
has directed courts in such ERISA actions to borrow and apply
the three-year statute of limitations provision set forth in the
analogous Pennsylvania Wage Payment and Collection Law.  Vernau
v. Vic's Market, Inc., 896 F.2d 43, 45 (3d Cir. 1990); 43 Pa.
Stat. Ann. § 260.9a(g).  In addition, the court must apply
Pennsylvania tolling principles in analyzing whether such an
action has been filed within the limitations period.  Vernau,
896 F.2d at 45-46.

A § 1132 claim accrues, and the limitations period
begins to run, when a delinquent contribution payment becomes
due.  Id. at 45.  Plaintiffs seek to recover underpaid
contributions for each month between March 2012 and August 2016.
Therefore, unless tolling of the limitations period is
warranted, the limitations period for the last month for which
plaintiffs seek recovery ended in August 2019.  This lawsuit as
noted above was not filed until June 10, 2022.

Plaintiffs first argue that the limitations period was tolled under Pennsylvania's discovery rule.  That rule defers the accrual of a claim until "plaintiff knew or, exercising reasonable diligence, should have known (1) he or she was injured and (2) that the injury was caused by another."  Adams v. Zimmer US, Inc., 943 F.3d 159, 163 (3d Cir. 2019) (citing Coleman v. Wyeth Pharms., 6 A.3d 502, 510-11 (Pa. Super. Ct. 2010)).  A party is not entitled to tolling under the discovery rule simply because it does not know "the full extent of the injury, the fact of actual negligence, or [the] precise cause."  Gleason v. Borough of Moosic, 15 A.3d 479, 484 (Pa. 2011) (citation omitted).  Plaintiffs contend that the discovery rule tolled the limitations period for their claims until February 2021 when the audit revealed the underpaid contributions.

Alternatively, plaintiffs assert that the limitations period tolled under Pennsylvania's inherent fraud doctrine. This doctrine tolls the limitations period "when 'the underlying events are based upon fraud or deceit' and, if applicable, 'will toll the statute of limitations until such time as the fraud has been revealed or should have been revealed by the exercise of due diligence by plaintiffs.'"  Trs. & Fiduciaries of Iron Workers Dist. Council (Phila. & Vicinity) Benefit & Pension Plans v. Carson Concrete Corp., Civ. A. No. 19-1928, 2022 WL 17741694, at *5 (E.D. Pa. Dec. 16, 2022) (quoting Sheet Metal

Workers, Local 19 v. 2300 Group, Inc., 949 F.2d 1274, 1280 (3d
Cir. 1991)).

Our Court of Appeals considered how to apply
Pennsylvania tolling rules to ERISA civil enforcement claims
under § 1132 in Sheet Metal Workers, Local 19 v. 2300 Group,
Inc., 949 F.2d 1274 (3d Cir. 1991).  There, a labor union and a
union welfare and pension fund initiated an action in 1989 to
recover unpaid contributions for work that the defendant's
employees completed between 1983 and 1985.  As in the present
action, the defendant had been submitting to the plaintiffs
inaccurate self-reports of the number of hours its employees
worked at the end of the month each month.  The defendant argued
that the action was barred by Pennsylvania's three-year statute
of limitations and that no tolling doctrine saved their claims.
The Court held that the defendant's concealment in reporting
inaccuracies to plaintiffs tolled the limitations period under
the Pennsylvania inherent fraud doctrine.  The Court further
held that the plaintiffs were not dilatory in discovering the
underpaid contributions and thus the tolling continued even
though plaintiffs did not request an audit until years later.
Critically, it noted that the inaccuracies in the self-reports
were not readily obvious such that they could put the defendant
on notice that they were inaccurate.  Thus, it rejected the
defendant's argument that because "the plaintiffs possessed the

right to audit records, they possessed the ability to detect the irregularities alleged in [the] case long before the statute of limitations expired." Id. at 1282.

There was no dispute in 2300 Group that the plaintiffs did not have actual knowledge of the underpaid contributions during the limitations period. See id. at 1281. Here, plaintiffs clearly were aware of the underpaid contributions in May, June, and July 2016 because they previously sought damages in connection with these months in CEMD I and CEMD II. Plaintiffs' prior actions to collect these contributions show they were aware of their injuries with respect to these specific months well over three years ago. Thus, they cannot assert that the discovery rule tolled their claims for these months.

On the other hand, it is not apparent that plaintiffs' claims for underpaid contributions in months in and between March 2012 and April 2016 as well as in August 2016 are time-barred. Plaintiffs have alleged that defendants self-reported incorrectly the number of hours their employees worked. Nothing in any of plaintiffs' allegations in this suit or in CEMD I or CEMD II reflect that defendants' alleged underreporting of hours was obvious from their self-reports. See id. at 1282-83. Furthermore, plaintiffs explicitly pleaded in this action that they first learned of the underpaid contributions when the February 2021 audit was completed. Therefore, as in 2300 Group,

defendants' alleged concealment tolled the statute of
limitations on each month in which defendants submitted to
plaintiffs alleged misrepresentations under Pennsylvania's
inherent fraud doctrine.

To prevail on their motion, it was incumbent on
defendants to show, based on the complaint and prior court
filings, that plaintiffs' allegation that they did not know and
could not with reasonable diligence have known of the underpaid
contributions is implausible.  Plaintiffs' prior pleadings in
CEMD I and CEMD II do not support that conclusion.  Outside of
the three months identified above, plaintiffs did not plead in
its two prior actions any facts showing that they were aware of
the underpaid contributions or that they should have been aware
of them.  See, e.g., Cement Masons' Union Loc. No. 592 Pension
Fund v. Almand Bros. Concrete, Inc., Civ. A. No. 14-5413,
2015 WL 3604747, at *4-5 (D.N.J. June 8, 2015).

Moreover, plaintiffs' prior request for an audit of
the months in question do not prove that they were aware of any
underpaid contributions because plaintiffs have the right to
demand an audit regardless of whether they suspect defendants
have withheld contributions.  Defendants have cited no authority
to the contrary.  To hold otherwise would lead to absurd
results.  If a labor fund's audit request always demonstrated
that it was aware of an underpaid contribution, then every audit

request would end the tolling of the respective statute of limitations.  An employer could simply delay its compliance with the efforts of the auditor until the statute of limitations ends, thereby avoiding liability.

At this stage of the proceedings, the court is limited to the four corners of the complaint and the prior federal court filings in deciding the present motion.  Accordingly, the court will grant the motion of defendants to dismiss plaintiffs' claims for underpaid contributions in the months of May, June, and July 2016 on the ground that such claims are time-barred but deny the motion as it relates to the remaining months identified in plaintiffs' complaint.

IV

Defendant Diemer also moves to dismiss plaintiffs' ERISA claims under § 1109 against him.  While § 1132 allows a benefit plan to recover unpaid contributions from an employer, § 1109 provides an independent basis for holding an individual liable for breaching a fiduciary duty under ERISA.  Here, plaintiffs allege that Diemer breached his fiduciary duties when he "commingled assets of CEMD payable to the Plaintiffs with the

general assets of CEMD and used those assets for purposes other than to pay the Plaintiffs."[2]

Another difference between a claim for underpaid contributions under § 1132 and a claim for breach of fiduciary duty under § 1109 is that ERISA imposes express statutes of limitations and repose on claims under § 1109:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation . . . .

29 U.S.C. § 1113.[3]

---

2.   Plaintiffs clarified in their brief in opposition to the present motion that they do not seek to hold Diemer liable for underpaid contributions under a "piercing the corporate veil" theory.

3.   There is an exception to this statute that permits a plaintiff to commence a § 1109 action "in the case of fraud or concealment . . . not later than six years after the date of discovery of such breach or violation."  § 1113.  However, plaintiffs do not argue that this exception applies to their claims against Diemer.

Diemer asserts that plaintiffs' claims against him are barred under § 1113(2) because plaintiffs had actual knowledge of his alleged breach of fiduciary duty more than three years before they commenced this suit.  To prevail, a defendant must demonstrate that "the plaintiff's knowledge [was] more than 'potential, possible, virtual, conceivable, theoretical, hypothetical, or nominal.'"  Intel Corp. Inv. Pol'y Comm. v. Sulyma, 140 S. Ct. 768, 776 (2020) (citation omitted).

Diemer primarily relies on plaintiffs' prior pleadings in CEMD I and CEMD II to prove they had actual knowledge.  In both of those pleadings, plaintiffs alleged, "Upon information and belief . . . [Diemer] commingled plan assets with City Elevator's general assets and used those funds to pay other creditors."  Plaintiffs counter that they could not have gleaned actual knowledge of Diemer's dealings until the February 2021 audit was completed.  At this early stage of the litigation, plaintiffs' prior allegations do not establish their actual knowledge, that is, that they were aware of "all the relevant facts" concerning Diemer's alleged breach of fiduciary duty. Sulyma, 140 S. Ct. at 768.

Diemer also argues that plaintiffs' claims under § 1109 are barred under the six-year limitations period set forth in § 1113(1).  Our Court of Appeals has determined that the six-year period is a statute of repose and, therefore,

equitable tolling doctrines cannot supersede this limitations period.  See Ranke v. Sanofi-Synthelabo Inc., 436 F.3d 197, 205 (3d Cir. 2006) (citing In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig., 242 F.3d 497, 504 (3d Cir.), as amended (Mar. 20, 2001)).

Diemer contends that § 1113(1) bars plaintiffs from recovering damages for any alleged breach of fiduciary duty that occurred before June 10, 2016, which is six years before plaintiffs initiated this suit.  Again, the court at this stage is limited to review of the complaint and the prior court filings.  From this meager record, it is unclear from plaintiffs' allegations when the six-year statute of repose began to run.  Diemer's actions in commingling funds owed to plaintiffs with other CEMD could be viewed as a series of acts that compose a single breach of fiduciary duty.  Alternatively, Diemer could be said to have committed individual breaches in each instance in which he allegedly misappropriated funds owed to plaintiffs.  Without additional discovery into the nature of Diemer's actions, the court is not able to discern when Diemer committed "the last action which constituted a part of the breach or violation."  § 1113(1).

Accordingly, the motion of Diemer to dismiss plaintiffs' claims under § 1109 as time-barred will be denied without prejudice.