```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRUSTEES OF THE NATIONAL         :       CIVIL ACTION
ELEVATOR INDUSTRY PENSION        :
FUND, et al.                     :
                                 :
          v.                     :       NO. 22-2304
                                 :
CEMD ELEVATOR CORP. d/b/a        :
CITY ELEVATOR, et al.            :
```

MEMORANDUM

Bartle, J.                                              May 31, 2024

Before the court is the motion of plaintiffs Trustees of the National Elevator Industry Pension Fund ("Pension Fund"), Trustees of the National Elevator Industry Health Benefit Plan ("Health Benefit Plan"), and Trustees of the National Elevator Industry Educational Plan ("Educational Plan") (collectively, the "Benefit Funds"), for default judgment as to defendant Mitchell Hellman (Doc. # 55).

These plaintiffs, along with plaintiff Trustees of the National Elevator Industry Work Preservation Fund brought this action for recovery of unpaid benefit plan contributions and for breach of fiduciary duty pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1101, et seq. Plaintiffs named CEMD Elevator Corp., d/b/a City Elevator, Stephan Diemer, and Mitchell Hellman as defendants.

I

On June 10, 2022, plaintiffs sued defendants for unpaid contributions from March 1, 2012 through August 31, 2016 pursuant to ERISA, 29 U.S.C. §§ 1132.  In total, plaintiffs sought $601,093.49.  The claims against Stephan Diemer, "officer and/or owner of CEMD," and Mitchell Hellman, "officer of CEMD," were premised on their breach of fiduciary duty under ERISA, 29 U.S.C. § 1109.  Plaintiffs allege that CEMD, along with Diemer and Hellman, are jointly and severally liable for the contributions, interest, liquidated damages, attorney's fees, and costs.

Plaintiffs allege that CEMD was bound by the collective bargaining agreements it signed with the International Union of Elevator Constructors, AFL-CIO, and the Elevator Manufacturers Association of New York, Inc. ("Collective Bargaining Agreements").  Additionally, CEMD executed a Joinder Agreement, which requires CEMD to pay contributions and other payments to the plaintiffs based on each hour of work performed by CEMD's employees.  CEMD must self-report to plaintiffs on a monthly basis the number of hours worked by each of its employees.  Plaintiffs may demand an audit of CEMD's payroll in order to ensure that it meets its contributory obligations.

Plaintiffs aver that Hellman exercised authority and control over the assets of the Benefit Plans because he "was and is responsible for creating and operating CEMD and determining the total amount of employer contributions to report and pay to the Employee Benefit Plan Plaintiffs from CEMD's assets, and the total amount of contributions withheld from employees' wages to pay to the Health Benefit [Plan] from CEMD's assets." Plaintiffs also allege that he "commingled assets of CEMD payable to the Plaintiffs with the general assets of CEMD and used those assets for purposes other than to pay the Plaintiffs." As a result, plaintiffs assert he was a fiduciary as defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

Plaintiffs first attempted to serve defendants on June 27, 2022 without success. On September 7, 2022, the court granted plaintiffs' motion for extension of time to serve defendants and ordered that plaintiffs publish notice of the action. The order also required plaintiffs to serve Diemer and Hellman at their personal addresses. CEMD and Diemer submitted waivers of service on October 31, 2022. Hellman was ultimately served on March 16, 2023 (Doc. # 29-1). He did not secure counsel and instead proceeded pro se.

On December 30, 2022, CEMD and Diemer filed a motion to dismiss for failure to state a claim as to Counts I and II, arguing that plaintiffs' claims were time-barred by the

applicable statute of limitations and repose.  Hellman did not join this motion.  On March 1, 2023, the court granted this motion in part and excluded the months of May, June and July 2016 from the total unpaid contributions.  The motion was otherwise denied without prejudice.  On March 15, 2023, CEMD and Diemer filed an answer to the complaint.

On March 16, 2023, the case was referred to Magistrate Judge Elizabeth T. Hey for a settlement conference.  Hellman, along with all parties, participated in the conference on May 31, 2023 and a telephone conference before Judge Hey on August 28, 2023.  Hellman also states in his opposition to the motion for default judgment that he attended a telephonic status conference before the undersigned on September 11, 2023 and another settlement conference before Judge Hey on October 27, 2023.  Judge Hey scheduled a third settlement conference on December 1, 2023, but Hellman did not attend.[1]  On February 2, 2024, CEMD and Diemer settled with plaintiffs and were dismissed from the action.  Hellman never answered or otherwise responded to the complaint.

On January 3, 2024, plaintiffs filed a request for entry of default against Hellman under Rule 55(a) because he failed to file an answer or otherwise defend after he was served

---

1. The docket notes that a copy of this order was mailed to Hellman, the unrepresented party, on October 31, 2023.

-4-

on March 16, 2023. The Clerk of the Court entered default on that same day. Plaintiffs filed the instant motion for default judgment on February 23, 2024.

In the pending motion for default judgment, plaintiffs seek a total of $578,167.70[2] against Hellman on the ground he is liable as a fiduciary under Section 409 of ERISA, 29 U.S.C. § 1109(a). This amount includes unpaid contributions to the Benefit Funds for the period between March 1, 2012 to August 31, 2016, exempting the months of May, June and July 2016, as well as interest, liquidated damages, attorney's fees, and costs.

The court scheduled an evidentiary hearing on the instant motion for April 8, 2024. Hellman attended this evidentiary hearing, but it was adjourned to give Hellman and plaintiffs time to work out a settlement agreement. However, no settlement was reached. The hearing was then rescheduled for May 8, 2024. Hellman, who represents himself pro se, attended, argued before the court, and cross-examined plaintiffs' witnesses. After that hearing, Hellman filed, with the court's permission, an opposition to the motion for default judgment.

---

2. The Benefit Funds state in their motion for default judgment that they seek a total of $578,840.57 from defendant Hellman. This total overstates the court costs sought by plaintiffs. The total of $578,167.70 reflects the total court costs the Benefit Funds in fact seek in their motion for default judgment: $677.

II

The facts alleged in the complaint as to Hellman, with the exception of those relating to the amount of damages, are deemed admitted. PPG Indus. Inc. v. Jiangsu Tie Mao Glass Co., 47 F.4th 156, 161 (3d Cir. 2022) (citing Comdyne I v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)). The first issue before the court is whether Hellman meets the definition of a fiduciary under Section 3(21) of ERISA, 29 U.S.C. § 1002(21)(A). If so, the court must then decide what, if any, damages are due to plaintiffs, and whether default judgment is appropriate.

Before granting default judgment, the court "must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Serv. Emps. Int'l Union Local 32BJ, Dist. 36 v. ShamrockClean, Inc., 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018). Thus Hellman is only liable to plaintiffs if he has a fiduciary duty to plaintiffs.

ERISA imposes fiduciary liability against an individual when unpaid contributions are "plan assets" and the individual exercises discretion in the management of the plan or exercises any authority or control over the plan assets. Trs. of the Nat'l Elevator Indus. Pension Plan v. Universal Elevator Corp., Civ. A. No. 11-3381, 2011 WL 5341008, at *2 (E.D. Pa. Nov. 3, 2011). There is no doubt that the unpaid contributions

at issue in this action are plan assets.  See, e.g., Trs. of the Nat'l Elevator Indus. Pension Fund v. E. Elevator Serv., Inc., Civ. A. No. 20-6150, 2021 WL 3885153, at *4 (E.D. Pa. Aug. 30, 2021).

As noted above, the facts alleged in the unanswered complaint as to Hellman are deemed admitted.  Hellman exercised discretionary control over the management of the plan's assets.  He was an "officer of CEMD" who was "responsible for creating and operating CEMD and determining the total amount of employer contributions to report and pay to the Plaintiffs from CEMD's assets" and "commingled assets of CEMD payable to the Plaintiffs with the general assets of CEMD and used those assets for purposes other than to pay the Plaintiffs."  Plaintiffs have established that Hellman exercised authority and control over plan assets.[3]  Trs. of the Nat'l Elevator Indus. Pension, Health Benefit, Educ., Elevator Indus. Work Preservation Funds v. Century Elevator, Inc., Civ. A. No. 11-3792, 2011 WL 4807914, at

---

3.  Hellman argues in his opposition that he "did not exercise authority over CEMD's bank account and [] did not exercise discretion over CEMD's Accounts Payable.  However, as default has been entered against him, all allegations contained in the complaint are accepted as true.  Additionally, based on his own admissions, he had financial responsibilities within CEMD within the relevant period, as he did not "mostly divest his financial responsibilities" until a Controller was assigned those responsibilities in 2017 – a year after the time period at issue in this action during which contributions were withheld.

\*5 (E.D. Pa. Oct. 11, 2011). Accordingly, Hellman was a plan fiduciary under Section 3(21) of ERISA, 29 U.S.C. § 1002(21)(A).

The court now turns to the issue of damages. Robert O. Betts, Jr., Executive Director of the Pension Fund, the Health Benefit Plan, and the Elevator Constructors Annuity and 401(k) Retirement Fund (a non-party), testified as to CEMD's financial obligations to the Benefit Funds. Betts testified that CEMD executed a Joinder Agreement, which bound it to its Collective Bargaining Agreements. During the relevant period, CEMD employed individuals working under the Collective Bargaining Agreements, and therefore, pursuant to those agreements, was required to contribute to the Benefit Funds at rates specified in the Collective Bargaining Agreements for each hour worked by each employee.[4] Therefore, CEMD was obligated to make such contributions to the Benefit Funds during the relevant period.

Daniel A. Winters, certified public accountant and partner at Daniel A. Winters & Co., testified as to the results of the 2023 audit. From March 1, 2012 though August 31, 2016, excluding the reporting periods of May, June and July 2016, CEMD

---

4.   Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

failed to pay contributions to the Benefit Funds in the amount of $356,880.56, plus interest in the amount of $117,529.90. Of these amounts, the Pension Fund is due $133,430.02, plus interest in the amount of $43,941.91; the Health Benefit Plan is due $213,191.27, plus interest in the amount of $70,209.34; and the Educational Plan is due $10,259.40, plus interest in the amount of $3,378.68.[5] Interest is calculated based on the rate charged by the Internal Revenue Service from the date of delinquency to the date of payment. The court finds these amounts to be correct and due to the plaintiffs.

Pursuant to the Collective Bargaining Agreements, plaintiffs also seek liquidated damages in the amount of $71,376.11. Liquidated damages are calculated at the rate of twenty percent of the underpayment as determined by the payroll audit. The court finds this amount to be correct and due to plaintiffs. Since Hellman has been found to be a fiduciary of

---

5. To rebut these figures, Hellman attached as Exhibit 2 to his opposition to the motion for default judgment a listing of CEMD employees entitled "National Elevator Industry Benefit Funds Payroll Audit of CEMD Elevator Corp. d/b/a City Elevator Schedule of Under Reported Hours Finding Number 2." This schedule seems to show that CEMD failed to pay $168,444.13 in contributions. Hellman states that this schedule is meant to show "how the schedules look superimposed and sorted/totaled by employee." However, the exhibit is undated, does not identify the time periods these payments were made, and still shows that CEMD failed to make contributions. This exhibit does not undermine the accountant's testimony or his audit.

the Benefit Funds, he is liable for the amounts.  29 U.S.C. § 1109(a).

Plaintiffs, in addition, request a total of $2,504 in attorney's fees, $29,200 for reimbursement for the costs of the audit, and $677 in litigation costs.  The court finds that plaintiffs are entitled to these amounts from Hellman.

Finally, the court turns to the appropriateness of default judgment in this case.  The court must examine (1) whether plaintiffs will suffer prejudice if default is denied; (2) whether defendant has a litigable defense; and (3) whether defendant's delay is due to culpable conduct.  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.85 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).

The Benefit Funds will suffer prejudice if the motion for default judgment is denied.  They are owed unpaid contributions from eight to twelve years ago, which are needed to pay outstanding obligations to their beneficiaries.  Hellman has no litigable defense.

Hellman did not take this matter seriously for a year until he appeared at the evidentiary hearing for default judgment.  After he was served with the complaint in March 2023, he failed to serve an answer or otherwise defend himself in the litigation.  In addition, he failed to communicate regularly

with opposing counsel who sought to resolve this action as to him.  Hellman's delay was due to his own culpable conduct.  Default judgment is appropriate.  See Trs. of the Nat'l Elec. Benefit Fund v. Mirarchi Bros., Inc., Civ. A. No. 214399, 2022 WL 221610, at *5 (E.D. Pa. Jan. 24, 2022); see also Trs. of the Nat'l Elevator Indus. Pension, Health Benefit, Educ., Elevator Indus. Work Preservation Funds, Elevator Constructors Annuity & 401(k) Ret. Plan v. All City Elevator, Inc., Civ. A. No. 17-2798, 2018 WL 3043299, at *3 (E.D. Pa. May 22, 2018) (rep. & recommendation), adopted by, 2018 WL 3039733 (E.D. Pa. June 18, 2018).

 Accordingly, the motion of plaintiffs Trustees of the National Elevator Industry Pension Fund, Trustees of the National Elevator Industry Health Benefit Plan, and Trustees of the National Elevator Industry Educational Plan for default judgment will be granted in the total amount of $578,167.70 against defendant Mitchell Hellman.  This total consists of: $133,430.02 due to the Pension Fund, plus interest in the amount of $43,941.91; $213,191.27 due to the Health Benefit Plan, plus interest in the amount of $70,209.34; and $10,259.40 due to the Educational Plan, plus interest in the amount of $3,378.68; $71,376.11 due in liquidated damages; $2,504 due in attorney's fees; $677 due in litigation costs; and $29,200 due for the costs of the audit completed by Daniel A. Winters & Co.